IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KERR MACHINE CO., | |
| Plaintiff, | |
| v. | No. 19 CV 6942 |
| LI GEAR, INC., | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | |

**ORDER**

Now before the Court is a heated dispute about whether depositions in this case should proceed in person or by video conference. For the reasons discussed below, Plaintiff Kerr Machine, Inc.'s Renewed Opposed Motion for Rule 30(b)(4) Order Re: Remote Depositions [ECF No. 83] ("Plaintiff's Motion") is granted. The Court also grants Defendant Li Gear, Inc.'s alternative request that the Court order all depositions to proceed remotely if it grants Plaintiff's Motion. [ECF No. 87] at 11. Therefore, all depositions in this case will proceed by remote means, which the Court anticipates will be by video conference. This resolution may also, in the Court's view, encourage two parties who have been squabbling about setting dates for depositions for months to get deposition dates on the calendar sooner rather than later in this case with a fast-approaching fact discovery close date.

"Courts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 (N.D. Ill. 2020). In this case, Plaintiff has advanced very legitimate reasons for its request that its employees (and a former employee with a serious health condition) be deposed remotely rather than being forced to travel from Oklahoma to Chicago for in-person depositions. Defendant insists they must do so

because, among other reasons, Plaintiff filed suit in this district. Defendant's demand, however, puts Plaintiff's employees at increased risk of exposure to the Covid-19 B.A.5 variant that is now sweeping the country and that has moved this federal court and city officials in Chicago to recognize a public health emergency. *See* Ninth Amended General Order 20-0022 (June 14, 2022) (N.D. Ill.) (acknowledging "the ongoing public health emergency arising from the COVID-19 pandemic[.]"); Latest Covid-19 Data for the City of Chicago (July 28, 2022), https://www.chicago.gov/city/en/sites/covid-19/home/covid-dashboard.html ("Chicago's COVID-19 Risk Level is HIGH").

Defendant minimizes Plaintiff's Covid-based concerns and argues that Plaintiff offered to make its employees available for in-person depositions in Oklahoma if Defendant's lawyers, who say they are traveling now for business, want to come to Oklahoma to take those depositions. So, Defendant's argument goes, if Plaintiff's employees are willing to sit for in-person depositions in Oklahoma, they must not be too concerned about contracting Covid-19. But sitting for a deposition in a conference room in the city where the deponent resides is much different than requiring that deponent to travel by plane, through at least two airports, stay in a hotel for one or more nights, and interact with countless other people when the Covid-19 B.A.5 variant is spiking around the country, particularly in the city where the deposition has been noticed to occur.

Plaintiff also argues it is unduly burdensome, expensive, and disruptive for five or more of its employees to travel to Chicago in this case for depositions when an adequate alternative exists for Defendant to take these depositions remotely by video. Defendant noticed the depositions of at least five of Plaintiff's employees or former employees, including a Rule 30(b)(6) deposition covering 27 topics that might require Plaintiff to designate more than one employee for testimony. Plaintiff points out, without contradiction by Defendant, that it is a relatively small company and Defendant's plan would take a significant number of its employees out of work, and likely at the same time since Defendant apparently wants to take all the depositions over a two- or three-day period. (Defendant originally noticed the depositions to occur

2

on March 21, 22, and 23, 2022. Plaintiff's Motion, Exhibit 1 [83-1].) Whether or not this inconvenience and burden would be a sufficient reason by itself for the Court to require Plaintiff's employees to be deposed by remote means, it is a factor the Court considers in its discretion in the context of this case along with the present, persistent, and acute risk of Covid-19 infection outlined above. *Guillen v. Bank of Am. Corp.,* 2011 WL 3939690, at 1 (N.D. Cal. 2011).[1]

Plaintiff, therefore, has met its burden under Federal Rule of Civil Procedure 30(b)(4) to show there are legitimate reasons for the noticed depositions to proceed by remote means. *Valdivia v. Menard Inc.*, 2020 WL 4336060 (N.D. Ill. 2020); *Sonrai Sys., LLC v. Romano*, 2020 WL 3960441 (N.D. Ill. 2020); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166; *Learning Resources, Inc. v. Playgo Toys Enters. Ltd.*, 335 F.R.D. 536, 537 (N.D. Ill. 2020). Once the Court has found that a movant has presented a legitimate reason to conduct the depositions in question remotely, the burden shifts to the opposing party to show how it would be prejudiced if the depositions were to proceed by remote video conference. *Valdivia*, 2020 WL 4336060, at *2 (citing *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *9).

Here, Defendant has not shown it will be prejudiced if it is required to depose Plaintiff's employees by remote means, presumably via video conference. Rather, the argument about where depositions will be taken appears to be more tactical than grounded in serious objection to the taking of depositions remotely in this relatively straightforward breach of contract case. Although Defendant argues that deposing Plaintiff's employees by video is an inadequate way to take those depositions in this case in which, according to Defendant, "interactions [between the lawyers] have been

---

[1] In the Court's view, this burden on Plaintiff outweighs what Defendant argues is the prevailing view, though not embodied in any Federal Rule of Civil Procedure, that plaintiff should be deposed in the forum in which it chose to file suit. While the Court acknowledges that view, there appears to be no good reason for Plaintiff's business operations to be hampered by the loss of a significant number of key personnel traveling to Chicago for depositions (even if those employees can, as Defendant points out, work remotely from Chicago) when adequate alternatives exist. The Court also is not certain that all the people Defendant has noticed for deposition are people who could be compelled to come to Chicago for a deposition if Plaintiff did not agree to produce them here pursuant to Defendant's notices of deposition. FED.R.CIV.P. 45(c)(1).

consistently and unnecessarily contentious, at times involving accusations of bad faith," Response to Plaintiff's Motion [87] at 2 n. 1, Defendant asks that its own employees also be deposed by remote means if the Court grants Plaintiff's Motion. At some level, then, it appears that Defendant concedes that remote depositions can be an adequate alternative to in-person depositions in this case at least if both parties are required to play by the same rules and, dare the Court say, refrain from unnecessary, and distracting, contention and accusations.

Moreover, Defendant's conclusory and speculative complaints about the possibility of witness coaching, difficulty handling exhibits, building rapport with witnesses, and judging body language are grievances that can be raised in any case and that lawyers have been addressing in video depositions for more than two years since the onset of the Covid-19 pandemic and prior to that as well. There are ways to deal with these issues and still move this case forward through discovery. *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *2-5. It is interesting to consider that before the world as we knew it ended with the advent of the Covid-19 pandemic, courts used to order depositions to proceed by video conference rather than by telephone specifically to address lawyers concerns with being unable to observe non-verbal conduct and witness demeanor. *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012) ("Taking the depositions via videoconferencing, as proposed by Plaintiffs here, addresses Defendant's objection that the deponent's nonverbal responses and demeanor cannot be observed.").

Finally, given the landscape of this case as described above, the Court agrees with Defendant's proposal that all depositions in this case should be taken by remote means if the Court grants Plaintiff's Motion. This solution addresses at least in part Defendant's professed concerns with the efficacy of remote depositions in this case and the potential technological and other problems associated with deposing witnesses remotely since both parties will be equally advantaged or disadvantaged by a remote deposition regimen. To the extent such issues or problems materialize, this also is a way to at least attempt to make sure one side is not overly impacted by them. This also should allow counsel for both parties to expeditiously lock-in dates

for depositions they have been arguing about for months so this case can proceed through oral fact discovery. The fact discovery close date in this case is August 31, 2022 [ECF No. 79] which also militates in favor of getting these depositions done as soon as possible via videoconference rather than requiring the witnesses to make travel arrangements.

Accordingly, for all these reasons, Plaintiff's Renewed Opposed Motion for Rule 30(b)(4) Order Re: Remote Depositions [ECF No. 83] is granted, as is Defendant's alternative request [ECF No. 87] that the Court order all depositions to proceed remotely if it grants Plaintiff's renewed motion. All depositions in this case shall proceed by remote means which the Court anticipates will be video depositions. This Order supersedes the Court's prior order [ECF No. 90] to the extent it would have allowed for in-person depositions of Defendant's employees.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 28, 2022